UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#322/326 (01/13)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3837 PSG (SKx) | Date | January 10, 2023 |
|---|---|---|---|
| Title | Seoul Semiconductor Co., Ltd. v. Bed Bath & Beyond, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order DENYING Defendant's motion for attorneys' fees.

Before the Court is Defendant Bed Bath and Beyond, Inc.'s ("Defendant") motion for attorneys' fees. *See generally* Dkt. # 322 ("*Mot.*"). Plaintiffs Seoul Semiconductor Co., Ltd. and Seoul Viosys Co., Ltd. ("Plaintiffs") opposed, *see generally* Dkt. # 330 ("*Opp.*"), and Defendant replied, *see generally* Dkt. # 333 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court **DENIES** the motion.

I.      Background

In May 2018, Plaintiffs brought this action against Defendant, alleging infringement of patented technology relating to light-emitting diodes ("LEDs") and LED lighting. *See generally* Dkt. # 1. Trial was previously set for July 2020. *See* Dkts. # 117, 126. On May 27, 2020, the Court denied Defendant's motion for partial summary judgment as to non-infringement and invalidity. *See* Dkt. # 162 ("*Summ. J. Order*"). Then, in anticipation of trial, the parties filed a series of motions in limine, *see generally* Dkts. # 164–82, which the Court never addressed as the trial was vacated soon after because of the COVID-19 pandemic, *see* Dkt. # 190.

When trial was rescheduled for July 28, 2022, *see* Dkt. # 288, the parties once again filed motions in limine, many of which raised the same evidentiary issues as the previous set filed two years prior. Most notably, Defendant refiled its motion in limine to exclude evidence of unauthenticated tests and samplings of the accused products. *Compare, e.g.*, Dkt. # 168, *with* Dkt. # 235 ("*Def. Mot. in Limine No. 4*"). The evidence at issue, which was necessary to support Plaintiffs' claims of infringement, included slide decks containing compiled photographs, x-rays, microscope images, and test results allegedly depicting the infringing products purchased from Defendant. *See Def. Mot. in Limine No. 4*, 1:7–10. The Court ultimately found that Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3837 PSG (SKx) | Date | January 10, 2023 |
|---|---|---|---|
| Title | Seoul Semiconductor Co., Ltd. v. Bed Bath & Beyond, Inc. | | |

failed to lay the foundation to authenticate the evidence and granted Defendant's motion in limine. *See generally* Dkt. # 289.

Four weeks after the Court issued its order excluding Plaintiffs' evidence of test samples and results, Plaintiffs filed a request to serve a certification under Federal Rules of Evidence 902(12) and/or (13) to authenticate the previously excluded evidence and amend the witness list. *See generally* Dkt. # 290-1 ("*Pls. Mot. to Admit Excluded Evid.*"). After the Court denied Plaintiffs' request as untimely, *see generally* Dkt. # 311, Plaintiffs voluntarily dismissed the action against Defendant with prejudice, *see generally* Dkts. # 314 ("*Voluntary Dismissal Notice*"), 316 ("*Dismissal Order*").

Defendant now moves for $1,339,385.50 in attorneys' fees under 35 U.S.C. § 285.

II.     Legal Standard

Under the "American Rule," each party to a lawsuit is generally responsible for its own attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Ordinarily, the prevailing party in a lawsuit does not collect fees absent contractual or statutory authorization. *See Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983). Upon determining that a fee award is in order, the court must ensure that the requested fees are reasonable. *Hensley*, 461 U.S. at 433–34.

The Court, however, may award reasonable attorney fees to a prevailing party in "exceptional cases." 35 U.S.C. § 285. But the exceptional case standard "presents a very high bar." *Anhing Corp. v. Viet Phu, Inc.*, No. CV 13-043438 BRO (JCGx), 2017 WL 11530841, at *3 (C.D. Cal. May 18, 2017) (citation omitted). An exceptional case is one that, under the totality of the circumstances, "stands out from others" in light of "the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180–81 (9th Cir. 2016) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). Courts also look to additional factors, such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness*, 572 U.S. at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). And the movant must demonstrate an entitlement to fees by a preponderance of the evidence. *See SunEarth, Inc.*, 839 F.3d at 1180.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3837 PSG (SKx) | Date | January 10, 2023 |
|---|---|---|---|
| Title | Seoul Semiconductor Co., Ltd. v. Bed Bath & Beyond, Inc. | | |

III. Discussion

Defendant contends that it is entitled to an award of attorneys' fees under the Patent Act, 35 U.S.C. § 285, because it is a prevailing party, and the case is exceptional. *See generally Mot.* To meet the exceptional case standard, Defendant cites to Plaintiffs' failure to produce admissible evidence of infringement—i.e., to authenticate the test samples and results that were necessary to Plaintiffs' action. *See id.* 11–13. Plaintiffs do not dispute that Defendant is a prevailing party but argue that the evidentiary dispute over the admissibility of Plaintiffs' evidence does not render this case exceptional under any of the relevant factors. *See Opp.* 7:22–8:5. The Court ultimately agrees with Plaintiffs.

First, the Court does not find that Plaintiffs' case presented either subjective bad faith or was "objectively meritless" to warrant a finding that the case is exceptional. *See Arcona, Inc. v. Farmacy Beauty, LLC*, No. 2:17-cv-7058-ODW (JPRx), 2021 WL 2414856, at *2 (C.D. Cal. June 14, 2021); *see also Octane Fitness*, 572 U.S. at 546. Notably, Plaintiffs' claims had some factual and legal merit as they survived summary judgment. *See Opp.* 8:23–9:19; *accord Hoist Fitness Sys., Inc. v. TuffStuff Fitness Int'l, Inc.*, 2021 WL 3524116, at *6 (C.D. Cal. Apr. 22, 2021). As such, contrary to Defendant's contention, this is not a case where Plaintiffs lacked *any* evidence to support their claims of infringement. Rather, the Court excluded important evidence as unauthenticated and then subsequently denied Plaintiffs' request to cure their authentication failure as untimely. *See generally* Dkt. # 311. It was only at that point that Plaintiffs made a strategic decision to voluntarily dismiss the case to avoid a costly trial. *See Opp.* 6:10–16; *see also Voluntary Dismissal Notice*. And the Court has previously rejected that such a decision, even after years of litigation, necessarily renders a case exceptional. *See Lavco Sols., Inc. v. Biztracker Sys. Of St. John, LLC*, No. CV 20-3286 PSG (PLAx), 2022 WL 17184602, at *3 (C.D. Cal. Aug. 9, 2022).

Further, Defendant's conclusory argument that Plaintiffs brought the matter for an improper purpose is unavailing. *See Mot.* 13:20–23 & n.4. Without even pointing to what improper motive Plaintiffs might have harbored, Defendant asks the Court to infer one must have existed because the cost of litigation ultimately amounted to more than the case was worth. *See id.* But the Court will not infer bad faith for that reason alone, especially when, as stated above, Plaintiffs' claims had some legal and factual grounding. *Accord Anhing Corp.*, 2017 WL 11530841, at *8 ("Therefore, even if [Plaintiff's] action had an ulterior motive to some extent, the Court cannot find that its decision to bring the action was wholly unreasonable or for an improper purpose.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3837 PSG (SKx) | Date | January 10, 2023 |
|---|---|---|---|
| Title | Seoul Semiconductor Co., Ltd. v. Bed Bath & Beyond, Inc. | | |

Finally, the Court is not persuaded that the parties' evidentiary dispute amounted to litigation misconduct. Evidentiary disputes are "commonplace, even though they may inconvenience the Court and the parties and delay proceedings." *Coach, Inc. v. Citi Trends, Inc.*, No. CV 17-4775-DMG (KSx), 2020 WL 13064695, at *8 (C.D. Cal. July 20, 2020). And while Plaintiffs unsuccessfully attempted to cure their authentication failure after the Court ruled on Defendant's motion in limine, *see Pls. Mot. to Admit Previously Excluded Evid.*, it is neither rare nor out of the ordinary "for parties to dispute the admissibility of evidence important to their case, even where prior rulings addressed that evidence," *see France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-cv-04967-WHO, 2015 WL 4396201, at *3 (N.D. Cal. July 17, 2015). Although Plaintiffs would have benefited from heeding Defendant's advice that their evidence of infringement was not properly authenticated, *see Mot.* 7:3–8:22, the Court does not find that Plaintiffs acted unreasonably by failing to take Defendant at its word. As such, Plaintiffs' litigation conduct was not so unreasonable such that this case "stands out from others." *See SunEarth, Inc.*, 839 F.3d at 1180 (citation omitted).

Considering the totality of the circumstances, the Court concludes that this case is not exceptional. Defendant is therefore not entitled to an award of fees.

IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion for attorneys' fees.

**IT IS SO ORDERED.**